**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4246**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVIS O'BRIAN CORBETT,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:17-cr-00074-WO-1)

Submitted:  October 17, 2019                                    Decided:  October 21, 2019

Before MOTZ and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Michael Francis Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis O'Brian Corbett appeals from the district court's judgment imposing a 36-month, above-policy statement range sentence upon revocation of Corbett's term of supervised release. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but discussing whether the district court imposed a plainly unreasonable sentence. Corbett did not file a pro se supplemental brief despite receiving notice of his right to do so, and the Government declined to file a response brief. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.*

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the . . . Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors," *id.* (footnotes and citation omitted), and "explain[s] why any sentence outside of the [policy statement] range better serves the relevant sentencing [factors]," *id.* at 209 (internal quotation marks and brackets omitted); *see* 18 U.S.C. § 3583(e) (2012) (specifying the § 3553(a) factors relevant to supervised release revocation). "[A] revocation sentence is substantively reasonable if the court

2

sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed[,]" up to the statutory maximum. *Slappy*, 872 F.3d at 207 (internal quotation marks and brackets omitted). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *Id.* at 208.

We find that the district court did not plainly err when it imposed the 36-month sentence. To the contrary, the district court appropriately heard the parties' arguments and allowed Corbett to allocute at length at sentencing, and the court responded to the parties' arguments and explained the selected sentence in terms of the revocation-relevant statutory factors. Although counsel raises the reasonableness of Corbett's sentence as a possible issue for review, counsel correctly concedes that Corbett's sentence, which was below the statutory maximum, is reasonable. The district court thoroughly explained its rationale for imposing the above-policy statement range sentence, which included that this was Corbett's third supervised release violation and the court's view that only prison time would prevent Corbett from using narcotics in the future and protect the public from his future crimes.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Corbett, in writing, of his right to petition the Supreme Court of the United States for further review. If Corbett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state

3

that a copy thereof was served on Corbett.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*